# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

RAYMOND C. DELMONTE,

                                           Plaintiff,

-vs-                                 DECISION AND ORDER

CITIBANK, N.A.; CITIMORTGAGE, INC.;        04-CV-6396CJS(P)
EQUIFAX, INC.; EXPERIAN; EXPERIAN
INFORMATION SOLUTIONS, INC.; and TRANS.
UNION, LLC,

                                   Defendants.

**APPEARANCES**

| | |
|---|---|
| For a plaintiff: | Russell E. Maines, Esq.<br>Fix Spindelman Brovitz & Goldman, P.C.<br>295 Woodcliff Drive, Suite 200<br>Fairport, NY 14450<br>585-641-8000<br>Email: rmaines@fixspin.com |
| For defendants Citibank, N.A. and CITIMORTGAGE, Inc.: | William G. Ballaine, Esq.<br>Landman, Corsi, Ballaine & Ford P.C.<br>120 Broadway, 27th Floor<br>New York, NY 10271-0079<br>212-238-4840<br>Email: wballaine@lcbf.com |

**SIRAGUSA, J.** Plaintiff's state court complaint, alleging various causes of action arising from a mortgage, was removed by defendant Experian Information Solutions, Inc., and is now[1] before the Court on plaintiff's application for "an order dropping certain defendants from the action and dismissing certain claims against the dropped defendants with prejudice, with each party to bear its own costs and attorneys' fees; amending the caption; remanding the case to state court pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C.

---

[1] In its prior Decision and Order, the Court set forth a detailed background and procedural history, familiarity with which is presumed here. *See* Decision and Order (# 49), *DelMonte v. Citibank*, No. 04-CV-6396 (W.D.N.Y. Oct. 28, 2005).

§ 1447(c) on the grounds that the Court lacks subject matter jurisdiction…." (Pl.'s Notice of Motion (#54), at 1.)

Plaintiff filed a supporting declaration with his motion in which he contends that,

[t]he parties have agreed to a dismissal of the CRA[2] defendants upon the following terms:

> The action shall be dismissed with prejudice as against Defendants Esquifax, Inc.; Experian; Experian Information Solutions, Inc.; and Trans Union, LLC pursuant to Fed. R. Civ. P. 41(a)(1)(i); and the caption shall be so amended. Each party shall bear its own costs and attorneys' fees.

(Maines Decl. (# 54) ¶ 3.)

Federal Rule of Civil Procedure 41(a)(1)(i) states in pertinent part:

(a) Voluntary Dismissal: Effect Thereof.

(1) By Plaintiff; By Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs…. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Fed. R. Civ. P. 41(a)(1)(i). Subsequently, the parties submitted a stipulation of dismissal with respect to the CRA defendants, and that stipulation was "so ordered" by the Court on March 1, 2006, and docketed the next day. Thus, the portion of plaintiff's motion seeking dismissal of the CRA defendants is moot.

---

[2]Earlier in his declaration, plaintiff lists the CRA Defendants as: Equifax, Inc.; Experian Information Solutions, Inc. (sued as Experian); and Trans Union, LLC. (Maines Decl. (# 54) ¶ 2.)

With regard to plaintiff's motion to remand, the remaining defendants, Citibank, N.A. and Citimortgage, Inc., filed a memorandum in opposition. (Defs.' Mem. of Law (# 59).) The removal statute provides, in pertinent part, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" 28 U.S.C. § 1447 (1996). The case was removed from State court by former defendant Experian, who alleged federal question jurisdiction in the Notice of Removal. Thus, the Court originally had supplemental jurisdiction, also referred to as pendent jurisdiction, over the State causes of action in the complaint.

In their memorandum of law opposing remand, defendants argue that plaintiff has waived his right to seek remand:

> Individually and collectively, all this conduct by Plaintiff in this Court over an 18 month period constitute a clear waiver of his right now to seek remand. Plaintiffs motion practice and other conduct in this Court clearly amounted to a knowing, voluntary embrace of this Court's jurisdiction over the claims he is pursuing against Defendants.

(Defs.' Mem. of Law at 10 (citations omitted).) In the alternative, defendants argue that,

> In addition, even assuming, *arguendo*, that Plaintiff has not waived his right to seek remand, his motion should still be denied. This Court clearly has discretion whether to retain or remand state claims where the federal claims are dismissed long after removal.… In *Parker* [*PPA v. DellaRocco*, 252 F.3d 663, 666 (2d Cir. 2001)], the Second Circuit determined that "'the district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction, [although] it cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction.'" *Parker*, 252 F.3d at 666, *quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 11 82, 1187 (2d Cir. 1996).

(*Id.*)

In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348-350 (1988), the Supreme Court discussed pendent jurisdiction, writing:

>The modern doctrine of pendent jurisdiction stems from this Court's decision in *Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Prior to *Gibbs*, this Court had recognized that considerations of judicial economy and procedural convenience justified the recognition of power in the federal courts to decide certain state-law claims involved in cases raising federal questions. *See Hurn v. Oursler*, 289 U.S. 238, 243-247 (1933). The test for determining when a federal court had jurisdiction over such state-law claims was murky, however, and the lower courts experienced considerable difficulty in applying it. In *Gibbs*, the Court responded to this confusion, and the resulting hesitancy of federal courts to recognize jurisdiction over state-law claims, by establishing a new yard-stick for deciding whether a federal court has jurisdiction over a state-law claim brought in a case that also involves a federal question. The Court stated that a federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." 383 U.S., at 725. The Court intended this standard not only to clarify, but also to broaden, the scope of federal pendent jurisdiction. *See ibid*. (stating that the prior approach, at least as applied by lower courts, was "unnecessarily grudging"). According to *Gibbs*, "considerations of judicial economy, convenience and fairness to litigants" support a wide-ranging power in the federal courts to decide state-law claims in cases that also present federal questions. *Id.*, at 726.
>
>At the same time, however, *Gibbs* drew a distinction between the power of a federal court to hear state-law claims and the discretionary exercise of that power. The *Gibbs* Court recognized that a federal court's determination state-law claims could conflict with the principle of comity to the States and with the promotion of justice between the litigating parties. For this reason, Gibbs emphasized that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Ibid*. Under *Gibbs*, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. *Id.*, at 726-727. As articulated by *Gibbs*, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.

*Carnegie-Mellon*, 484 U.S. at 348-50.

Clearly, in the situation present here, the decision to remand is discretionary with the Court, and, "enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). On the issue of waiver, "[f]ederal courts consider a number of factors in determining whether a party has waived its right to seek remand…. A party that engages in affirmative activity in federal court typically waives the right to seek a remand, …, particularly if the federal court has ruled unfavorably…." *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) (internal citations omitted). As defendants point out, plaintiff has litigated this action here for the past eighteen months, has participated in three conferences with Magistrate Judge Payson, to whom this case is referred under 28 U.S.C. § 636 for non-dispositive pretrial matters, has filed two motions (in addition to the one before the Court today), one of which was a motion to amend, has opposed a motion to dismiss and has engaged in discovery. Considering the factors outlined by the Supreme Court, economy, convenience, fairness, and comity, the Court determines that the case should not at this late stage be remanded to State court.

## CONCLUSION

Accordingly, plaintiff's motion (# 54) to remand to State court is denied. The parties are directed to file and serve a joint status report by March 20, 2006.

SO ORDERED.

DATED:  March 10, 2006
        Rochester, NY

                ENTER:        /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge